R. ALLAN STEPHENS, for appellant.

LINDLEY, PENWELL & LINDLEY and SWALLOW & BOOK-WALTER, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

MUNICIPAL CORPORATIONS, § 1107*—*what are questions for jury in action for ' injuries received by colliding with rope stretched across street.* In an action against a city to recover damages for personal injuries sustained by plaintiff's automobile running into a rope stretched by defendant across one of defendant's streets to keep off travel while oil placed thereon for improvement of such street was fresh, the amount of the injury, whether same was due to defendant's negligence to properly warn the traveling public by lights or otherwise of the obstruction or was due to plaintiff's negligence in driving into the rope, *held* to be questions for the jury.

---

## George P. Bridwell, Appellee, v. John W. Utt, Appellant.

### (Not to be reported in full.)

Appeal from the County Court of Macoupin county; the Hon. ANDREW J. DUGGAN, Judge, presiding. Heard in this court at the October term, 1916. Reversed. Opinion filed April 16, 1917.

## Statement of the Case.

Action by George P. Bridwell, plaintiff, against John W. Utt, defendant, to recover for certain groceries sold to defendant's brother on defendant's credit. From a judgment for plaintiff for $275.23, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

EDWARD C. KNOTTS, for appellant.·

THOMAS K. RINAKER and THOMAS RINAKER, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. GUARANTY—*when evidence tends to show belief of creditor that obligation was originally that of person other than defendant.* In an action to recover for certain goods sold to defendant's brother on defendant's credit, the fact that after defendant made the statements on which plaintiff relied the goods were delivered and charged by plaintiff to defendant's brother, *held* to tend to establish that plaintiff regarded the obligation to pay for the goods was originally only that of defendant's brother.

2. GUARANTY—*what is evidence that credit was given to third person only.* In an action to recover for goods sold to defendant's brother on defendant's credit, the fact that, after the account for the goods charged to defendant's brother had been running for some time and become of some little moment, plaintiff took from defendant's brother his notes and a chattel mortgage and credited the account a certain amount, and also allowed him to sell part of the mortgaged property, and sought to enforce his lien against another part, and the fact that defendant never paid anything on the account, *held* to be very persuasive evidence that credit was given to defendant's brother and not to defendant.

3. FRAUDS, STATUTE OF, § 2*—*what is test as to whether promise is original or collateral.* In determining whether a promise is original or collateral the test is whether the credit is given to the person sought to be charged or to some one else.

4. GUARANTY—*when evidence sufficient to show giving of credit to third person.* Evidence *held* sufficient to show credit was given to defendant's brother on a sale of certain goods to the brother, in an action to recover for such goods claimed to have been sold on defendant's credit.

5. FRAUDS, STATUTE OF, § 14*—*when promise to pay for goods sold on credit to third person not binding.* In an action to recover for goods sold to defendant's brother claimed to have been sold on the credit of defendant based upon certain alleged statements by defendant, *held* that even if such promises were made by defendant no liability was thereby created on defendant to pay the bill because of the provisions of the Statute of Frauds.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.